Moncure, J.
delivered'the opinion of the court.
This was an action of assault and battery. The declaration contained but one count. The only plea was son assault demesne; to which' the plaintiff replied de injuria; and issue was joined thereon. Verdict and judgment were rendered for the defendant. On the trial of the issue a bill of exceptions was made part of the record. The errors assigned in the case are in the two opinions expressed in the said bill of exceptions; and we think that both of them were erroneous.
First — we think the Circuit court erred in refusing to permit the plaintiff to begin the cause by proving the assault and battery stated in his declaration. According to the well settled English practice, the party who substantially asserts the affirmative of the issue has generally the right to begin; and if the record contains several issues, and the plaintiff holds the affirmative in any one of them, he is entitled to begin. 1 Greenl. Ev. § 74. As was said by President Tucker, in Steptoe v. Harvey, 7 Leigh 501, 544, “ The rules as to the right of opening and concluding in the courts of England are substantially the rules which have been held to prevail with us.” And the two rules of English practice above stated may, therefore, be regarded as settled rules of our practice also. These rules,' as applicable to cases where the damages are liquidated, are thus well laid down by Archbold, in the first vol.of his Law of Nisi Prius, p. 5, (49 Law Library, p. 58 :) “ The party who has added the similiter (supposing there to be but one issue) has a right to begin; or if there be two or more issues, then, if the plaintiff have added the similiter in any one of them, he has a right to begin; but if the defendant have added the similiter in all of them, he has the right to begin. Another test *19 is: Suppose no evidence at all is given, who would he entitled to the verdict ? If the defendant, the plaintiff must begin; if the plaintiff, the defendant begin.” But whether, in actions for unliquidated damages, the plaintiff has in all cases a right to begin, no matter what the pleadings may be, is a question on which the cases both English and American, have been conflicting. In the case of Bedell v. Russell, decided at nisi prius, R. & M. 293, Best, C. J. observed that but for the authorities he should have thought that the onus of proving damages gave the plaintiff a right to begin; but he further said, that it being of the utmost consequence that the practice should be uniform, he should consider himself bound by the cases; and he directed the defendant’s counsel to begin. See 14 Eng. C. L. R. 398, note c. In the case of Cooper v. Wakley, also decided at nisi prius, 14 Eng. C. L. R. 395, Lord Tenterden, doubting as to the practice, went out of court to confer with Bayly, Littledale and J. Parke, Js., then sitting in an adjoining court; and on his return said: “I am of opinion that the defendant has a right to begin. The general rule is, that that party on whom the affirmative lies has to begin; and in one at least of the cases cited the plaintiff was seeking to recover unliquidated damages: I mean the case of Bedell v. Russell.” In the case of Cotton v. James, decided at nisi prius in 1829, one year after the decision of the last mentioned case, and reported in 1 Moody & Malkin 271, 22 Eng. C. L. R. 305, the rule which was recognized in the two cases just cited was again followed. In an able note appended by the reporters to the last mentioned case, after saying that “ this case seems to complete, the series of those by which the doctrine that the plaintiff is entitled to begin, where he has to prove damage sustained, have been for the present overruled,” and that “ the practice appears now to be completely settled by decisions,” they proceed further to say that *20 “ there are some circumstances which render it rather doubtful whether the practice will long continue so. certainly has been understood that the inclination 0f ^]le principaj practitioners at the bar is not favorable to the rule as now laid down,” &c. And in considering what, in the event of the present rule being again called in question, would be the most desirable practice to establish, they maintain with great force the propriety of allowing the plaintiff to begin in all actions for unliquidated damages. Afterwards, in the case of Carter v. Jones, 6 Car. & Payne 64, decided in 1833, it was resolved by the fifteen judges that the plaintiff shall begin in all actions for personal injuries, libel and slander, though the general issue may not be pleaded, and the affirmative be on the defendant. That resolution settled the English practice in actions of tort to which it applied. But in actions upon contract it seems to have been an open question of practice in that country, until the recent case of Mercer v. Whall, referred to by the counsel of the appellant. That was an action of covenant for unliquidated damages, and came on to be heard at nisi prius, before Denman, C. J. in 1844. The defendant had the affirmative of the issue. On the trial a question arose as to the right to begin; and his lordship ruled that the plaintiff had that right, since it lay on him to prove some damage. Yerdict for plaintiff. A rule nisi was obtained for a new trial on the ground of misdirection, and of an improper ruling on the right to begin. The case was decided by the Court of Queen’s Bench in 1845, and is reported in the 48 Eng. C. L. R. 447. Lord Denman, C. J. delivered the unanimous judgment of the court. He commences it by saying that “ the natural course would seem to be, that the plaintiff should bring his own cause of complaint before the court and jury, in every case where he has anything to prove, either as to the facts necessary for his obtaining a verdict, or as *21 to the amount of damages to which he conceives the proof of such facts may entitle him.” Of the disadvantages that may result from a contrary rule, one says “ is the strong temptation to a defendant to abuse the privilege. If he well knows that the case can be proved against him, there may be skillful management in confessing it by his plea, and affirming something by way of defence which he knows to be untrue, for the mere purpose of beginning.” This observation he illustrates by a variety of cases. He then refers to the practice which had prevailed at nisi prius, in regard to which he said “ I can speak of my own impression arising from attendance at nisi prius as a barrister near thirty years, and corresponding as far as I have observed, with the general opinion of the bar. I never doubted that the plaintiff was privileged and required to begin whenever anything was to be proved by him. The simplicity and easy application of this mode of practice would recommend it to adoption if the question were new; and would raise a great probability that the common sense of old times had sanctioned it as a part of our system. It frequently occurred, that in an action of trespass, with plea of justification under a right, the defendant claimed to begin. He said ‘ I admit the trespass and the burden of proving the defence rests on me.’ The answer constantly given was : ‘ I the plaintiff have the right to begin, because I go for substantial damages. I claim to disprove your right in the first place, if I think proper; but at all event» to possess the jury of the extent of the mischief you have done me.’ On such occasions the judge took upon himself to decide whether the plaintiff really went for substantial damages. If he did, it was always assumed that he must begin.” In reference to the case of Cooper v. Wakley, which is the leading case in support of the right of the defendant in such cases to begin, the chief justice said, “ An appeal may be made to all who *22 were then practicing at the bar, whether the decision was not universally felt to be wrong, both as against principle and as an innovation.” — “ If ever a decision was overruled on great deliberation and by an undeviating practice afterwards, it is that in Cooper v. Wakley, Mood. & M. 248.” In reference to the resolution of the fifteen judges before referred to, he says, “ An ingenious argument was used at the bar that this resolution did not declare the law as the judges understood it, but merely enacted a new practice which they thought more convenient than the old. But I cannot think this explanation admissible. The judges have never assumed the right of sacrificing the law to their sense of convenience. The balance of convenience might have some effect on their minds as an argument to show how the rule of practice was; but their duty was limited to a declaration of that rule which they never would have promulgated if they had not believed it to be the law. The rule of practice thus declared is confined to the case then under consideration (which was an action of tort,) wisely avoiding any matters’not then before the judges. Contented with the correction of what was thought a grievous mistake, they excluded from their consideration every other point, and left the practice on actions of contract in its former state.” He then proceeds to enquire how that practice stands, shows that the same general reason applies to both classes of cases, and concludes that in actions of contract, as well as of tort, for unliquidated damages, the plaintiff has always a right to begin. We have stated thus fully the views of Chief Justice Henman in the case of Mercer v. Whall, because they are very able, and are strikingly appropriate to the case under consideration. That case has firmly established the rule of practice in England, and being well sustained by reason and authority, we consider it a rule of our practice also. It is very important that *23 a uniform rule of practice on the subject should exist, and we know of none which would be more convenient, simple and just than the one just mentioned.
Secondly — we think the Circuit court erred in refusing to permit the plaintiff to prove the assault and battery stated in his declaration after the defendant had given his evidence to prove the assault stated in his plea. The declaration, as we have before said, contains but one count, and is in the usual form of a declaration for an assault and battery. It uses general language, and though it contains the usual and proper averments of time and place, it would have been sustained on the general issue by proof of any assault and battery whenever or wherever committed; for a variance as to time and place is immaterial. If the defendant had pleaded the general issue, the plaintiff could not have proved more than one act of assault and battery; but might have proved any one of several distinct acts, at his pleasure: and the defendant could not have compelled him to rely on one act instead of another by alleging or proving that the plea was intended to apply to the former, and that to allow the plaintiff to select the latter would operate a surprise on the defendant. But the only plea in the case was son assault demesne ; to which the replication was, de injuria. The plea uses the same general language as the declaration does, and professes to refer to the same assault and battery. It would have been sustained by proof of any assault made by the plaintiff on the defendant followed immediately by an assault and battery of the defendant on the plaintiff, and the plaintiff could not have avoided that consequence by showing that the declaration and replication were both intended to refer to a different assault and battery. The plaintiff by replying de injuria, admits that any assault and battery which the defendant may justify by proving that the plaintiff made the first assault, is the assault *24 and battery for which the action is brought. If, there-f°re> several assaults and batteries are committed by defendant on the plaintiff, and any of them can be jugft£e¿} ^|je plaintiff ought either to have in his declaration as many counts as there were assaults and batteries, or, if he has but one count, and the plea is son assault demesne, he ought to reply by way of new assignment. Otherwise a verdict must be rendered against him, though he may be able to prove, and actually prove, that other assaults and batteries were committed on him by the defendant whieh cannot be justified. Whenever the defendant sustains by proof his plea of justification, all the evidence of the plaintiff referring to any other assault and battery than that which is justified becomes irrelevant and must be disregarded by the jury. But if the defendant offers no evidence to sustain his plea of justification, or fails to sustain it to the satisfaction of the jury, the plaintiff may prove any assault and battery committed on him by the defendant, even though it may be different from that which the defendant intended or attempted to justify; and on proving it, will be entitled to recover, just as if the plea had been the general issue instead of justification. Where the plea of justification is sustained by proof, the pleadings are all considered as referring to that assault and battery which is justified: where the plea is not sustained by proof, they are considered as referring to that assault and battery which is proved by the plaintiff in making out his case. There is no variance between the allegata and prolata in either case; and the defendant has no more cause to complain of surprise in the latter, than the plaintiff has in the former. In fact the defendant rarely, if ever, is surprised in such a case by proof of a different assault and battery from that which he expected to be proved; while the plaintiff may be, and doubtless sometimes is. The plea of son assault demesne in this respect is like the *25 plea of liberum tenementwn: The object of both is, generally, to compel a new assignment; a more particular setting out of tbe cause of action. Where liberum mentum is pleaded, if instead of new assigning, the plaintiff replies generally, the defendant will succeed if he proves that he has any freehold in the county. The act complained of as a trespass will then be considered as having been committed on that freehold. But if the defendant does not fully make out his justification, the plaintiff will be entitled to recover for any cause of action which he may prove before the jury, and which may not vary from that stated in his declaration. It is not enough for the defendant that he considers, and attempts to prove, himself entitled to a certain freehold in the county; he must fully prove himself to be so entitled before he can have any evidence of the plaintiff of a trespass committed on another freehold, excluded from the consideration of the juiy. The same principle, for the same reason, applies to the issue made up in this case. The plaintiff should have been permitted to prove the assault and battery by him offered to be proved. Whether that evidence would avail him or not depended upon whether the defendant should make out his justification: and whether that was made out or not, was a question which the jury alone had the right to decide. The whole case was before the jury at the same time; and it was proper that the whole evidence should have been before them. The court in assuming that the defendant had proved his justification, and therefore refusing to permit the plaintiff to prove the assault and battery by him offered to be proved, invaded the province of the jury which might have disbelieved the evidence of the defendant, or considered that it did not make out his justification. The evidence offered by the plaintiff should have been admitted; and then the court might have instructed the jury to disregard it, if the justifi *26 cation ivas made out to their satisfaction- The propriety of admitting the evidence would have been more obvious if the plaintiff had, as he should have been permitted to begin: The irrelevancy of the evidence could' not then have appeared until after it was-, given in. and after the defendant also had given in his evidence-.
For these reasons-we are for reversing the judgment of the- Circuit court, setting aside» the verdict, and remanding the cause for a new trial to- be had therein. On which new trial,, if it be had on the issue as now made up, the plaintiff shall be permitted to begin and to prove the assault and battery by him offered to be proved on the- former trial.- But leave may be given to the parties, if they desire- it, to- amend then* pleadings and make up other issues.